Belknap,
No. 4866.

ROBERT J. MAHEUX *v.* COVE-CRAFT, INC. *& a.*

Argued October 4, 1960.

Decided October 28, 1960.

*Harold E. Wescott* and *Peter V. Millham* (*Mr. Wescott* orally), for the plaintiff.

*Sullivan & Gregg* and *Sherman D. Horton, Jr.* (*Mr. Horton* orally), for the defendants.

DUNCAN, J. The exceptions in this case present the issue of whether upon the record the plaintiff's injury could properly be found to have arisen out of and in the course of the employment. RSA 281:2 III.

It is undisputed that when the plaintiff was injured he was engaged in a project of his own, upon his own time, during his noon lunch hour. He was, however, on his employer's premises, and using his employer's machinery, electricity, and stock, in an enterprise which had never expressly been forbidden to him, but on the contrary could be found consistent with customary practice, and impliedly sanctioned on the particular occasion by his immediate superior then in charge of the plant.

The evidence was that the plaintiff was hired to work as an "all around man . . . to do all kinds of different jobs," and it could be found that he reasonably understood that he was expected to become familiar with the operation of the various machines in the establishment. There was evidence that employees were expected, upon request, to work for the employer during part of their lunch hour, or as occasion arose to assist other employees so engaged.

In short, it could be found that although the plaintiff was not required to remain at his workplace during the noon hour, by voluntarily doing so he continued to be subject to the control of his employer; and that he was injured as a result of defective equipment furnished and controlled by the employer, which he reasonably understood he might use for the purpose for which he was using it.

It is settled in this jurisdiction that activities of a personal nature, not forbidden, but reasonably to be expected, may be a natural incident of the employment, so that injury suffered in the course of such activities is compensable. *Whitham* v. *Gellis*, 91 N. H. 226. See also, *Perkins* v. *Company*, 91 N. H. 211, 212. The fact that the injury is suffered during the noon hour when the employee is not required to be on the premises, does not alter this principle. *Gallienne* v. *Company*, 88 N. H. 375, 380. The controlling issue is whether the activity is reasonably expectable, so as to be an incident of the employment, and thus in essence a part of it. *Newell* v. *Moreau*, 94 N. H. 439, 445.

In the circumstances disclosed by the record, the finding and ruling that the plaintiff's injury "arose out of" his employment was warranted, since the injury resulted from a risk to which the plaintiff's employment subjected him. *Zwiercan* v. *Company*, 87 N. H. 196; *Maltais* v. *Assurance Society*, 93 N. H. 237, 241; *Walter* v. *Hagianis*, 97 N. H. 314. See 1 Larson, Workmen's Compensation Law, *s.* 6.00.

The further finding and ruling that the injury occurred "in the

course of" the plaintiff's employment was also warranted by the record. "While engaged in employment an employee's conduct in matters of a personal nature reasonably to be undertaken and not expressly forbidden is as much in the course of the employment as when he is actually performing the work of the employment, and accidents sustained in such conduct arise as much out of the employment as when he is actually doing the work for which he is hired." *Whitham* v. *Gellis, supra*, 91 N. H. 226, 227. The plaintiff's activity was findably of an "ordinary and usual nature" which could not "rightly be called a leaving of the employment." *Perkins* v. *Company, supra*, 91 N. H. 211, 212. See *Bernier* v. *Mills*, 93 N. H. 165; *Maltais* v. *Assurance Society, supra;* 1 Larson, *supra, s.* 20.20.

The plaintiff could fairly infer not only that the use which he was making of the employer's machinery was known to the employer and so a permitted use (see *Vitas* v. *Grace Hospital Society,* 107 Conn. 512, 517), but also that under the terms upon which he was hired, it was a use encouraged by the employer as a condition of the employment. *Wamhoff* v. *Wagner Electric Corp.,* 354 Mo. 711; *Torrey* v. *Midland Cooperatives,* 253 Minn. 489; *Matter of Penzara* v. *Maffia Bros.,* 307 N. Y. 15. See anno. 161 A. L. R. 1461; *Puffin* v. *General Electric Co.,* 132 Conn. 279; *Thomas* v. *Manufacturing Co.,* 104 Kan. 432; 1 Larson, *supra, s.* 27.31(b). That the plaintiff did not depart from his employment by doing what he was doing when injured was a finding sustainable upon the record. 1 Larson, *supra, s.* 21.21(a), (c); 7 Schneider, Workmen's Compensation, *s.* 1670.

*Exceptions overruled.*

All concurred.