SAVOY, Judge.
Defendants appealed from an adverse judgment of the district court wherein the district judge allowed plaintiff benefits under the Workmen’s Compensation Act of this State.
As an employee of Sabine Furniture Company, plaintiff’s duties, among others, were to install and repair television antennas. On the afternoon of October 16, 1962, plaintiff went to his home to repair his television antenna. While on the roof, he fell and fractured a rib and was incapacitated for a period of eight weeks. The record reveals that plaintiff’s employer permitted the practice of allowing employees to repair their own antennas without charge.
The question to be decided by this Court is one of law.
Counsel for plaintiff contends that the accident occurred to plaintiff while in the course and scope of his employment with Sabine Furniture Company; whereas, defendants deny that the accident occurred in the course and scope of said employment.
The district judge held that since plaintiff was doing work that he customarily performed for the employer during regu *849 lar working hours, the accident arose out of and in the course and scope of his employment.
In this Court counsel for appellants contends that the district court was in error in holding that merely because the accident occurred during regular working hours when the plaintiff was performing the same type of work he did for his employer, that he was entitled to workmen’s compensation benefits.
In the case of Alexander v. Insurance Company of the State of Pennsylvania, (La.App., 3 Cir., 1961), 131 So.2d 558, the following statements were made by this Court:
“An employee protected by the Louisiana statute is entitled to receive workmen’s compensation if disabled ‘by accident arising out of and in the course of his employment.’ LSA-R.S. 23 1031. As stated in Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21, a leading case on the subject: For purposes of the workmen’s compensation act, ‘an accident occurs in the course of an employment when it takes place during the time of such employment’ and it arises out of the employment when it is ‘the result of some risk to which the employee is subjected in the course of his employment to which he would not have been subjected had he not been so employed’. In a later leading case, Edwards v. Louisiana Forestry Commission, 221 La. 818, 60 So.2d 449, our Supreme Court held an employee’s disability compensable as arising out of and in the course of his employment, even though when incurred in departing from the post of duty in order to rescue a child attacked by a large dog, because the rescue attempt ‘was reasonably within the scope of those things contemplated by his employment.’ 60 So.2d 454.”
* * * * * *
“ ‘An employee is within the course of his employment where he is doing the work that he was engaged to do or an act or service naturally related or incidental thereto, or those reasonable things expressly or impliedly authorized by his contract of employment,’ 99 C.J.S. Workmen’s Compensation § 216, p. 711. ‘Acts necessary to the life, comfort or convenience of an employee while at work, although personal to him and not technically acts of service, are incidental to the service, and an injury occurring while in the performance of such acts is compensable as “arising out of”, and “in the course of”, the employment.' 99 C.J.S. Workmen’s Compensation § 220, pp. 722-723 * * * ”
Applying the above rules laid down in the Alexander case, supra, we are of the opinion that since plaintiff was injured during regular working hours prescribed by his employer, that he is entitled to receive workmen’s compensation since he was disabled by an accident arising out of and in the course of his employment; especially in view of the fact that the type of work he was doing at the time of the accident was one of the duties which he was required to perform because of his employment with Sabine Furniture Company.
The district court granted defendant, Great American Insurance Company, the sum of $68.80 as expenses and attorney’s fees incurred by it for attending a deposition in Many, Louisiana, for which plaintiff did not appear. Plaintiff complained of this in his answer to the appeal.
We are of the opinion that LSA-C.C.P. Article 1457, relied on by the trial judge in allowing counsel for defendant $68.80 as traveling expenses in going from Alexandria to Many, Louisiana, to take the discovery deposition of plaintiff, is not applicable to the instant case because the formalities provided by said article were not complied with, and also because this article applies in the case where the party giving the notice of the intention to take *850 the discovery deposition fails to appear. Nor were the provisions of LSA-C.C.P. Article 1451 complied with. This article deals with notice in writing of intention to take discovery depositions. Accordingly, this item will he disallowed.
For the written reasons assigned, the judgment of the district court is amended so as to disallow the defendant’s claim for $68.80, and, as amended, is affirmed at appellants’ costs.
Amended and affirmed.

On Application for Rehearing.

En Banc. Rehearing denied.