**W. R. GRACE AND COMPANY, Appellant,**

v.

**Francis Allen PAYNE et al., Appellees.**

**No. 73–258.**

Court of Appeals of Kentucky.

Nov. 9, 1973.

James M. Graves, Larry L. Johnson, William P. Swain, Boehl Stopher Graves & Deindoerfer, Louisville, for appellant.

Robert L. Catlett, Jr., Segal, Isenberg, Sales & Stewart, Louisville, for appellees.

CULLEN, Commissioner.

This is an appeal by the employer from a judgment of the Daviess Circuit Court affirming an order of the Workmen's Compensation Board which awarded compensation to appellee Francis Allen Payne for permanent partial disability from an accident that occurred in his place of employment.

Payne was employed as a drier operator by appellant W. R. Grace & Company at its paper manufacturing plant, and his duties were such that he had considerable slack time during his work hours. It was a common and accepted practice among employes to use appellant's machinery, including a power saw, for personal purposes, during any slack time which might occur during working hours; and appellee was using a power saw for personal purposes (making a birdhouse), during working hours, when he severed his thumb. Appellant's supervisor was aware that appellee was using the saw and made no objection; in fact appellant seems to have approved of the practice generally, since use of such tools by employes for personal purposes had occurred many times in the past with appellant's knowledge and appellant had made no attempt to stop the practice. Although appellee had used this saw several other times, its use was in no way connected with his duties; and appellant derived no direct benefit from its use by appellee.

There is a wide split of authority on the issue whether an injury under such facts as are present in the instant case is to be covered by workmen's compensation as arising out of the employment, which is the only issue presented.

We are not informed of any Kentucky cases directly in point. Clearly distinguish-

able, we think, are the cases involving horseplay, or activities for personal purposes engaged in on the employer's premises after or before working hours, or a departure from the duties of the job to engage in a personal venture.

The injury-causing activity in the instant case bore no relation to the employment situation except that it provided a means for appellee to while away his slack time, thus tending to keep him more alert or more satisfied. Larson states, however;

> "[e]ven when the article [being made] has no employment connection . . . the activity has been held covered if it was a common practice among the employees and acquiesced in by the employer . . . .

> "[T]he fact that during working hours there was a lull in the work is an important factor in broadening the range of covered activities.

> "However, if none of the special elements . . . are present, such as . . . employer permission or acquiescense, or time and space connection with employment, perhaps assisted by a slack-time factor, and if the beneficiary of the activity is solely the claimant himself, compensation will ordinarily be denied." 1 A. Larson, Workmen's Compensation Law, Sec. 27.31(b).

There are opinions from a number of other jurisdictions in cases with fact situations similar to the instant one, some of which favor coverage, Maheux v. Cove-Craft, Inc., 103 N.H. 71, 164 A.2d 574 (1960); Penzara v. Maffia Bros., 282 App. Div. 790, 123 N.Y.S.2d 6 (1953); Yurochko v. Beckley Perforating Co., 61 N.J.Super. 1, 160 A.2d 173 (1960); Colston v. Great Am. Ins. Co., La.App., 173 So.2d 848 (1965); Argroe v. Marinaccio, N.J., 63 N.J.Super. 438, 164 A.2d 809 (1960); and some of which oppose coverage, Rosenberg

v. Biboni, 25 N.J.Misc. 397, 54 A.2d 659 (1947); Elliott v. Darby, Mo.App., 382 S.W.2d 70 (1964); Jones v. Myrtle, 264 N.C. 401, 141 S.E.2d 632 (1965).

We are persuaded by the reasoning of those decisions which allow coverage under facts such as are presented here, i. e., the activity occurs on the employer's premises, during work hours, is a common practice in which the employer acquiesces, and fills a slack-time period. We believe an accident occurring in such circumstances has sufficient employment connection to be considered to arise out of the employment.

The judgment is affirmed.

MILLIKEN, OSBORNE, STEINFELD and STEPHENSON, JJ., concur.

REED, J., dissents.