Carolyn OWENS *v.* NATIONAL HEALTH
LABORATORIES, INC. and LIBERTY MUTUAL
INSURANCE COMPANY

CA 82-437                                    648 S.W.2d 829

Court of Appeals of Arkansas
Opinion delivered April 6, 1983
[Rehearing denied May 4, 1983.]

*Alan J. Nussbaum, P.A.,* for appellant.

*Friday, Eldredge & Clark,* by: *Elizabeth J. Robben,* for appellees.

JAMES R. COOPER, Judge. In this workers' compensation case, the Commission found that the appellant had failed to prove that her disability, which resulted from mental illness, arose out of and in the course of her employment. From that decision, comes this appeal.

The appellant is a 46 year old female who has suffered from varying degrees of mental illness for over 25 years. At the time she suffered her latest breakdown, she had been employed by the appellee for two or three months as a courier. On June 3, 1981, during a heavy rainstorm, she was in the process of making her deliveries and pickups. She apparently fell behind in her work and returned to the office. She was so upset and nervous that two fellow employees had

to take her to the State Hospital where she voluntarily committed herself. The appellant claimed that she had suffered an aggravation of a pre-existing mental condition, such aggravation being directly related to her employment with the appellee, National Health Laboratories, Inc.

Cases which involve psychological trauma to a worker are complex, and this complexity has led to a variety of approaches in various jurisdictions as to the burden of proof which the injured worker must meet. The first obstacle which must be met in considering such injuries is whether they are "accidents" under our Act at all. We can conceive of no reason why harm to the body of a worker should be limited to visible physical injury to the bones and muscles and should exclude work related trauma which results in an injury to the mind. We hold that such psychological injuries may be compensable under our Act.

In the case at bar, there is no evidence of any physical trauma to the appellant which allegedly caused her mental disability. Likewise, there is scant evidence of any event which caused emotional distress which precipitated her breakdown. The Commission, in denying the claim, stated that " ... in the absence of a showing of some physical injury or trauma, we think the better rule is that proof of work relatedness must go beyond proof of mere ordinary job stress in order for such claims to be found compensable." The appellant takes strong exeption to the Commission's adoption of such a burden of proof, alleging that by applying such a burden of proof, the worker is required to prove by more than a preponderance of the evidence that his injury was work related. We disagree with the appellant's argument.

The Commission has actually taken a rather liberal approach. Some jurisdictions hold that the stimulus for a psychological injury must be sudden and traumatic, though not necessarily involving physical trauma. *See Pathfinder Co.* v. *Industrial Comm'n*, 62 Ill.2d 556, 343 N.E.2d 913 (1976). *See also Wolfe* v. *Sibley, Lindsay & Curr Co.*, 36 N.Y.2d 505, 330 N.E.2d 603 (1975); *Gamble* v. *New York State Narcotics Addict Control Comm'n*, 60 A.D.2d 703, 400

N.Y.S.2d 599 (1977). *See generally* 1 A Larson, Workmen's Compensation Law, § 42.23 (1980); Render, *Mental Illness as an Industrial Accident,* 31 Tenn. L. Rev. 288 (1964).

Other jurisdictions have held that, in addition to psychological injury caused by trauma, a gradual buildup of emotional stress may also be compensable. In *Firemen's Fund Ins. Co.* v. *Industrial Comm'n,* 119 Ariz. 51, 579 P.2d 555 (1978), the Supreme Court of Arizona held that, under the circumstances of the case, the claimant was entitled to benefits for a psychological injury. The claimant had been subjected to an ever increasing amount of work and responsibility until her unanticipated breakdown occurred.

However, in *Archer* v. *Industrial Comm'n,* 127 Ariz. 199, 619 P.2d 27 (Ariz. App. 1980), the Court stated:

> This leads us to conclude that where the work activity is merely part of the overall emotional stress to which all individuals are subjected through the living process, a policy decision in favor of non-compensability is made. Thus, the requirement in these types of cases that the emotional stress be 'unusual or extraordinary' merely reaffirms the necessity of at least pointing to an articulable work-induced incident which gave rise to the emotional stress, which stress by its nature can be caused by numerous factors, the majority of which are non-industrial in nature.

Further, the Court stated:

> We next note that there was nothing in the work activity on the day of death by way of increased responsibility or pressure which produced the deceased's mental reaction to his co-employee's efforts so as to fall within the concept of increased responsibilities found in the *Firemen's Fund* line of cases. What we have then is not the job creating the emotional stress, but the emotional stress being created by the deceased's reaction to the job. Under these circumstances, the relationship of work to the resulting emotional stress becomes so tenuous as to melt the emotional stress into

the overall emotional makeup of this individual and lose its injury-by-accident character.

In *Swiss Colony, Inc.* v. *Dept. of Industry, Labor and Human Relations,* 72 Wis.2d 46, 240 N.W.2d 128 (1976), the Wisconsin Supreme Court enunciated a standard which is in agreement with that found in Arizona, *i.e.,* that the non-traumatically caused mental injury must have resulted from more than ordinary day-to-day mental stress which all employees must experience.

Perhaps the most liberal rule we have found is that used in Michigan. In *Deziel* v. *Difco Laboratories, Inc.,* 403 Mich. 1, 268 N.W.2d 1 (1978), the Michigan Supreme Court ruled that where a worker honestly, even though mistakenly, believed that he was disabled due to a work related psychological injury, then what the Michigan Court termed its "subjective causal nexus standard" was satisfied and the resulting disability was compensable. The Michigan Court would hold that a worker is entitled to compensation if he believes his ordinary work caused his psychological disability. Therefore, in Michigan, the basis for compensability is the worker's perception of reality.

In the case at bar, we believe the Arkansas Workers' Compensation Commission has applied an appropriate standard for determining compensability of nontraumatically induced mental illness which is alleged to have resulted from an individual's work. We hold that where, as in the case at bar, the psychological injury, if any, resulted from nontraumatically induced events, then the worker must show more than the ordinary day-to-day stress to which all workers are subjected.

Having so held, we now must determined whether, in the light of our agreement with the burden of proof required, the Commission's findings are supported by substantial evidence. The issue of whether the employment aggravated, accelerated, or combined with a latent prior condition in order to produce the disability is a question of fact, and a finding of fact by the Commission based on medical testimony may not be overturned unless the evi-

dence is insufficient to support the findings. *Starrett v. Namour,* 219 Ark. 463, 242 S.W.2d 963 (1951). As stated in *Bearden Lumber Co. v. Bond,* 7 Ark. App. 65, 644 S.W.2d 321 (1983):

> On appellate review of workers' compensation cases the evidence is reviewed in the light most favorable to the finding of the Commission and given its strongest probative value in favor of its order. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding. The extent of our inquiry is to determine if the finding of the Commission is supported by substantial evidence. Even where a preponderance of the evidence might indicate a contrary result we will affirm if reasonable minds could reach the Commission's conclusion. *Bankston v. Prime West Corporation,* 271 Ark. 727, 601 S.W.2d 586 (Ark. App. 1981); *Clark v. Peabody Testing Service,* 265 Ark. 489, 579 S.W.2d 360 (1979).

In order for the appellant's disability to be compensable, she must prove that the injury sustained was the result of an accident arising out of and in the course of her employment. "Arising out of the employment" refers to the origin or cause of the accident while the phrase "in the course of the employment" refers to the time, place and circumstances under which the injury occurred. *J. & G. Cabinets v. Hennington,* 269 Ark. 789, 600 S.W.2d 916 (Ark. App. 1980). There must be a causal connection between the accident and a risk which is reasonably incident to the employment. *Southland Corporation v. Hester,* 253 Ark. 959, 490 S.W.2d 132 (1973).

The Commission should follow a liberal approach and this approach applies in determining whether the accident in fact grew out of and occurred in the course of the employment. *Bunny Bread v. Shipman,* 267 Ark. 926, 591 S.W.2d 692 (Ark. App. 1980). The Commission has the duty to draw all legitimate inferences possible in favor of the claimant and to give the claimant the benefit of the doubt.

In the case at bar, we hold that the decision of the Commission is supported by substantial evidence. The appellant has a long history of mental illness which has resulted in numerous hospitalizations. The record does not indicate that she suffered any particular trauma on the day in question, either physical or emotional, nor does the record indicate that her breakdown was a result of a gradual buildup of emotional stress caused by her work. As noted above, the appellant had the burden of proving a causal connection between her employment and her disability. The Commission found that she had failed to prove such a causal connection, and we are unable to say that fair-minded persons, with the same evidence before them, could not have reached that same conclusion. Therefore, we affirm.

Affirmed.