ARKANSAS DEPARTMENT OF HEALTH *v.*
Dorothy ·L. HUNTLEY

CA 84-124                                          675 S.W.2d 845

Court of Appeals of Arkansas
Division II
Opinion delivered October 3, 1984

*Jerry G. James,* for appellant.

*Ed Daniel,* for appellee.

DONALD L. CORBIN, Judge. This is a workers' compensation case involving a claim for benefits arising out of an apparent unprovoked attack by an unknown assailant upon appellee, Dorothy L. Huntley, who was on an overnight business trip. The Arkansas Workers' Compensation Commission allowed benefits and appellant, Arkansas Department of Health, appeals that decision. We affirm.

Appellee was employed by appellant as an emergency medical services specialist. Pursuant to the requirements of her employment, appellee left Little Rock on Monday, October 18, 1983, en route to Harrison, Arkansas, to inspect ambulances belonging to the Boone County Hospital. She completed her inspection around 4:30 or 5:00 p.m. and checked into the Holiday Inn in Harrison. Her travel itinerary called for her to be in Yellville, Arkansas, the following day which necessitated her spending the night away from home. Appellee testified that she went to her room, watched television for an hour, and went to sleep for

two or three hours. At approximately 8:30 or 9:00 p.m., appellee left her room and went to the bar located in the Holiday Inn for the purpose of seeing and talking to a friend of hers who previously had run the restaurant and bar. Upon learning that her friend no longer worked there, appellee sat down at the bar and had a drink, played a few games of Pac Man, and then accepted an invitation to have a drink with a couple of traveling salesmen. Appellee testified that she was in the bar for approximately an hour.

After declining an invitation to have dinner with the two traveling salesmen, appellee left the bar to go back to her room at approximately 9:30 p.m., some five hours after she had completed her work for appellant for that day. Appellee testified that while she was en route to her room, a drunk came up behind her and grabbed her and a scuffle ensued during the course of which she fell to the ground and injured her lip and mouth. She stated that she went on to her room, passed out in the bathroom, and when she came to and saw how bad her lip was, went to the emergency room at Boone County Hospital at approximately 2:00 to 2:15 a.m. After receiving treatment at the hospital, she went back to her room, got her things and returned to Little Rock.

A claim was filed with appellant which was controverted. On January 25, 1983, a hearing was held at which appellee contended her injuries arose out of and in the course of her employment in that she claimed to have been on business for appellant at the time she was assaulted leaving the bar. Appellee contended that the assault and her injuries would not have happened but for her employment requiring her to travel to Harrison. Appellants flatly rejected this contention and contended on the other hand that appellee's injury simply did not arise out of and in the course of her employment. Appellant very candidly admits the necessity of overnight accommodation because of the trip, employment, the assault and the injuries but does dispute appellee's contention that "but for" her employment she would not have been assaulted and sustained injuries. On the other hand, appellee candidly admitted that her excursion to the hotel's bar was personal to her and for the purpose of personal recreation and pleasure.

The Administrative Law Judge held that appellee's injuries arose out of her employment and awarded benefits. In a two-to-one decision, the Commission affirmed the ALJ and adopted her decision as the decision of the Commission.

The ALJ found two overlapping bases for recovery consisting of the traveling employee and the positional risk doctrines. In so finding, the ALJ relied upon a prior Commission decision which was not appealed to this Court. This decision apparently adopted the traveling employee doctrine which is found in 1A Larson, *The Law of Workmen's Compensation*, § 25.00 (1982). The ALJ quoted extensively from 1 Larson, *The Law of Workmen's Compensation*, § 10.00 (1984). This section provides that positional risks may also be compensable. In affirming the decision of the ALJ, the Commission stated as follows: "From our *de novo* review of the record on appeal, deferring to the Administrative Law Judge's assessment of the claimant's credibility, we think the decision of the Administrative Law Judge is supported by a preponderance of the evidence, correctly applies the law and should be affirmed." We believe there is substantial evidence to affirm this case on the basis of the traveling employee doctrine without considering the positional risk doctrine.

In his treatise regarding traveling employees in the course of employment, Professor Larson states as follows:

> Employees whose work entails travel away from the employer's premises are held in the majority of jurisdiction to be within the course of their employment continuously during the trip, except when a distinct department [sic] on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable.

1A Larson, *The Law of Workmen's Compensation*, § 25.00 (1982). Professor Larson further states that personal acts performed while away from home, including eating meals in restaurants, are generally compensable unless a "personal social motive was the occasion for an excursion which

would otherwise be in the course of employment." *Id.* § 25.21.

Arkansas has adopted the traveling salesman doctrine as evidenced by the following cases: *Wilson* v. *United Auto Workers*, 246 Ark. 1158, 441 S.W.2d 475 (1969); *Fine Nest Trailer Colony* v. *Reep.*, 235 Ark. 411, 360 S.W.2d 189 (1962); *Johnson Auto Co.* v. *Kelley;* 228 Ark. 364, 307 S.W.2d 867 (1957); *Frank Lyon Company* v. *Oates*, 225 Ark. 682, 284 S.W.2d 637 (1955). These cases dealt with the ultimate issue of whether the injury arose out of and in the course of the employment.

We believe the controlling law in determining whether or not appellee's injury arose out of and in the course of her employment is found in *J & G Cabinets* v. *Hennington,* 269 Ark. 789, 600 S.W.2d 916 (Ark. App. 1980). That case involved an injury which occurred during the claimant's lunch hour and the issue on appeal was whether his injury could properly be found to have arisen out of and in the course of the employment. In affirming the Commission's award of benefits, this Court stated as follows:

> Activities of a personal nature, not forbidden but reasonably to be expected, may be a material incident of the employment and injuries suffered in the course of such activities are compensable. The fact that the injury is suffered during a lunch break, when the employee is not required to be on the premises, does not alter this principle. The controlling issue is whether the activity is reasonably expectable so as to be an incident of the employment, and thus in essence a part of it. *Maheaux* v. *Cove-Craft, Inc.,* 103 N.H. 71, 164 A.2d 574 (1960).

> A claimant before the Workers' Compensation Commission must prove that the injury sustained was the result of an accident arising out of and in the course of employment. The phrase 'arising out of the employment' refers to the origin or cause of the accident and the phrase 'in the course of the employment' refers to the time, place, and circumstances under which the

injury occurred. *Bass* v. *Mecklenburg County,* 258 N.C. 226, 128 S.E.2d 570. In order for an injury to arise out of the employment, it must be a natural and probable consequence or incident of the employment and a natural result of one of its risks.

The Court in *J & G Cabinets, supra,* found substantial evidence to support the Commission's finding that the employee's injury arose out of his employment since the injury resulted from a risk to which the employee's employment exposed him. It also determined that the injury occurred in the course of the employee's employment. We believe this case accurately states the law in regard to whether an employee's injury arises out of and in the course of the employment. Recent decisions of this Court relying upon *J & G Cabinets, supra,* include: *Adkins* v. *Teledyne Exploration Co.,* 8 Ark. App. 342, 652 S.W.2d 55 (1983); *Bagwell* v. *Falcon Jet Corp.,* 8 Ark. App. 192, 649 S.W.2d 841 (1983); *Owens* v. *Nat'l Health Laboratories, Inc.,* 8 Ark. App. 92, 648 S.W.2d 829 (1983).

The record reflects that appellee was on a trip for her employer and this business trip required her to secure overnight lodging at a motel. She had performed her work activities during normal working hours and had checked into the motel as a prelude to her continuation of employment activities the following day. We believe appellee's utilization of the facilities offered by the motel to all of its patrons was a natural and probable consequence or incident of her stay in the motel. As noted by the Administrative Law Judge, appellee was assaulted by an unknown person in a passageway during her return to her motel room and she had clearly regained her traveling employee status at this point. Therefore, appellee's activities, when examined within the context of *J & G Cabinets, supra,* were a natural and probable consequence or incident of her employment and we agree with the Commission's determination that her injury arose out of and in the course of her employment.

Affirmed.

CLONINGER, J., agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the majority's decision because I think this case comes under the traveling employee doctrine and that the specific issue involved is governed by the rule set out in *J & G Cabinets* v. *Hennington*, 269 Ark. 789, 792, 600 S.W.2d 916 (1980), that "Activities of a personal nature, not forbidden but reasonably to be expected, may be a material incident of the employment and injuries suffered in the course of such activities are compensable."

When viewed in the light most favorable to the findings of the Commission, *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979), I believe there is substantial evidence from which the Commission could find that appellee's injury resulted from activity reasonably to be expected.