**RABBITT HASH IRON WORKS, INC., and Uninsured Employers' Fund, Appellants,**

v.

**Ronald E. STRUBEL, Commonwealth of Kentucky, Department of Labor, Workers' Compensation Board, Appellees.**

and

**UNINSURED EMPLOYERS' FUND and Rabbitt Hash Iron Works, Inc., Appellants,**

v.

**Ronald E. STRUBEL and Commonwealth of Kentucky, Department of Labor, Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 1, 1985.

Discretionary Review Denied and Opinion ordered Published by Supreme Court May 15, 1985.

Donald Roney, Asst. Atty. Gen., Paul Rehm, Asst. Atty. Gen., Frankfort, for appellant, Uninsured Employer's Fund.

Nick Benson, Walton, for appellant, Rabbitt Hash Iron Works.

Michael McMain, Florence, for appellee, Strubel.

Before COMBS, HOWERTON and LESTER, JJ.

HOWERTON, Judge.

The Iron Works and the Uninsured Employers' Fund filed separate appeals from a judgment of the Boone Circuit Court affirming an opinion and award of the Workers' Compensation Board which granted Strubel benefits for permanent, partial disability. The two appeals involve the same issue and have been consolidated for our decision. The sole issue is whether the board erred in determining that Strubel's injury was work related under the principles enunciated in *W.R. Grace & Co. v. Payne,* Ky., 501 S.W.2d 252 (1973). We conclude that the law was incorrectly applied to the facts in this case and reverse and remand the case for further proceedings.

Strubel was employed by Rabbitt Hash Iron Works, Inc., to perform general maintenance, carpentry and mechanical duties. He had no set hours for working, and he was not required to work any minimum number of hours. Instead, he was paid only for the time it took him to perform whatever work was assigned to him. Strubel testified that he was paid only for that time during which he was actually working for the iron works and that he received no compensation for time which he spent on the employer's premises waiting for work to be assigned to him. During these off-duty times, however, he was permitted to use the company's equipment for personal tasks such as building bird houses or, as he was doing in this case, constructing a stool for his home.

His injury occurred on January 22, 1982, when he severely cut two fingers on his right hand while working with a cable saw. There is no dispute about the fact that he was using the saw for his personal benefit to make a stool for his wife and that he was not being paid by the company during the time he was involved in this activity. He filed his claim for benefits, and the Uninsured Employers' Fund was joined, as the employer had not yet secured compensation insurance. The board determined that Strubel's injury was work related under the holding in *W.R. Grace & Co., supra.* The employer and the fund appealed to the Boone Circuit Court, which concluded that the board had made no errors of fact or law. It affirmed the award.

Our review of the record indicates that the findings of fact determined by the board are supported by substantial evidence. Some of the factual issues were in dispute, but we will accept the findings of the board and must therefore base our decision upon whether the board properly applied the law to the facts.

All parties agree that the guidelines set forth in *W.R. Grace & Co., supra,* provide the proper test for determining the work relatedness of Strubel's injury. Injuries are held to be work related and compensable if: (1) the injury occurred during

working hours, (2) the injury occurred on the employer's premises, (3) the injury occurred during a period in which there was a lull in the work to be performed for the employer, and (4) the employer had acquiesced in the employee's use of his tools during such periods. We conclude that the board and trial court erred as a matter of law in determining that Strubel's injury was work related and compensable under the facts in this case.

■ The primary missing element is that the injury did not occur during work hours. In reaching this conclusion, we rely upon the guidance to be found in 1A Larson, *Workmen's Compensation Law*, § 27.31(b) (1984), which also served as the source of much of the court's reasoning in *W.R. Grace & Co., supra*, at 253. Along with setting forth the four-pronged test of work relatedness, that treatise also indicates that each of these four elements must be present to establish liability and, more importantly, it states that purely personal work done after hours on the employer's premises cannot be work related.

Strubel's own testimony established that he was paid only for that time when he actually performed tasks for the benefit of his employer. On the day of the accident, this amounted to approximately 20 minutes of general maintenance work. Having completed that task, Strubel chose to remain on the premises to engage in personal activities for which he knew he would not be compensated. Unlike the situation in *W.R. Grace & Co., supra*, where the claimant was injured during his normal, set work hours but during a lull period for which he was being paid, Strubel was off duty, off the payroll, and working solely for his own benefit.

The judgment of the Boone Circuit Court is reversed, and this case is remanded for entry of an order consistent with this opinion.

LESTER, J., concurs.

COMBS, J., dissents with separate opinion.

COMBS, Judge, dissenting.

I respectfully dissent from the majority. The facts in this case are basically the same as those in the case of *W.R. Grace & Co. v. Payne*, Ky., 501 S.W.2d 252 (1973). The finding of the Board and the ruling of the trial court are in accordance with the principles which were so succinctly stated by that court, wherein it was said:

We are persuaded by the reasoning of those decisions which allow coverage under facts such as are presented here, i.e., the activity occurs on the employer's premises, during work hours, is a common practice in which the employer acquiesces, and fills a slack-time period. We believe an accident occurring in such circumstances has sufficient employment connection to be considered to arise out of the employment.

For that reason I would affirm the action of the Board and the trial court.