Terri HOWARD, Widow, et al. *v.* ARKANSAS POWER
& LIGHT COMPANY

CA 86-198                                724 S.W.2d 193

Court of Appeals of Arkansas
Division I
Opinion delivered February 25, 1987

*Kaplan, Brewer & Miller, P.A.*, by: *Silas H. Brewer, Jr.*, for appellant.

*House, Wallace, Nelson & Jewell, P.A.*, by: *Janice Wegener Vaughn*, and *Philip E. Dixon*, for appellee.

DONALD L. CORBIN, Chief Judge. Appellants, Terri Howard and her minor daughter, appeal the Arkansas Workers' Compensation Commission's denial of funeral and dependency benefits for the accidental death of Michael Howard, an employee of appellee, Arkansas Power & Light Company. We affirm.

Michael Howard was killed at 6:30 a.m. on July 29, 1983, when his vehicle crossed the center line on U.S. Highway 49 and collided head-on with an oncoming vehicle. The site of the accident was approximately 2.02 miles south of the Jonesboro city limits. Mr. Howard was employed as an inspector by appellee and his employment required that he reside during the week in Jonesboro at the Jamie B. Motel on East Nettleton. The motel was located approximately 7 miles from the scene of the accident. His work assignment on the date of the accident was in Black Oak, Arkansas, approximately 17 miles east of Jonesboro.

On the evening of July 28, 1983, Mr. Howard drove from Jonesboro to Newport, Arkansas, which is approximately 47 miles southwest of Jonesboro, to participate in an anniversary celebration. It was attended by several of his friends who were also employed by appellee. His friends lived at a Newport motel while assigned to a work project unrelated to the project Mr. Howard was assigned to. Mr. Howard arrived at the Newport motel where his friends were staying between 6:00 and 7:00 p.m., and stayed there for approximately forty to forty-five minutes. He was not seen again by his friends until around 10:30 or 11:00 p.m., when they all met at a night club in the Newport area. Mr. Howard's friends departed the night club around midnight, leaving Mr. Howard behind. There was no evidence of Mr. Howard's activities until shortly before his accident, when he was seen by employees of Commonwealth Electric Company who passed Mr. Howard as he was proceeding toward Jonesboro. Mr. Howard was driving a vehicle leased by appellee at the time of his

fatal collision. Evidence indicated that Mr. Howard would have arrived at his job site at 7:00 a.m. for an appointment with contractors if he had not been involved in the accident. He was dressed in his work clothes at the time of the accident but had been attired in different clothing in Newport the previous evening. Appellee had a company passenger car policy in effect at the time of Mr. Howard's accident which provided that ". . . [u]nder no circumstances will the company vehicle be used for personal trips away from the employee's assigned town or place of duty or for pleasure driving of any kind."

The going and coming rule ordinarily denies compensation to an employee while he is traveling from his home to his job. *Wright* v. *Ben M. Hogan Co.*, 250 Ark. 960, 468 S.W.2d 233 (1971). The basic premise of the going and coming rule is that employees having fixed hours and places of work are generally not considered to be in the course of their employment while traveling to and from work. *See* 1 Larson, *Workmen's Compensation Law* § 15.00 *et seq.* (1985).

Our cases define "course of employment" as relating to the time, place and circumstances under which the injury occurred. *Owens* v. *National Health Laboratories, Inc.*, 8 Ark. App. 92, 648 S.W.2d 829 (1983). Professor Larson's formulation of the test for course of employment requires that the injury occur within the time and space boundaries of the employment, while the employee is carrying out the employer's purpose or advancing the employer's interests directly or indirectly. 1 Larson, *Workmen's Compensation Law* § 14.00 (1985); 1A Larson, *Workmen's Compensation Law* § 20.00 (1985).

Various exceptions have been adopted to the coming and going rule which are recognized in *City of Sherwood* v. *Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982). They are as follows:

(1) where an employee is injured while in close proximity to the employer's premises;

(2) where the employer furnishes the transportation to or from work;

(3) where the employee is a traveling salesman;

(4) where the employee is injured on a special

mission or errand; and

> (5) when the employer compensates the employee for his time from the moment he leaves home until he returns home.

*Id.* at 163-164.

In *Arkansas Department of Health* v. *Huntley*, 12 Ark. App. 287, 675 S.W.2d 845 (1984), the traveling salesman exception to the coming and going rule was at issue. We recognized there that employees whose work entails travel away from the employer's premises are within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown.

In the case at bar, the Commission denied appellants' request for funeral and dependency benefits on the basis appellants had failed to meet their burden of proof in establishing Michael Howard's death arose in the course of his employment. Appellants argue for reversal that there is no substantial evidence to support the Commission's conclusion that Mr. Howard's fatal accident occurred during a distinct personal deviation from his employment. In their second assignment of error, appellants contend the Commission erroneously concluded the going and coming rule barred their claim for benefits.

It is well settled that the burden rests upon the party seeking benefits to prove the injury sustained was the result of an accident arising out of and in the course of the employment. We have recognized that there is a rule of liberal construction which requires the Commission to draw all reasonable inferences favorably to the claimant, *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984), but that case also holds that this rule is not a substitute for the claimant's burden of establishing his claim by a preponderance of the evidence. 10 Ark. App. at 260-261. Before we may reverse a decision of the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Gerber Products* v. *McDonald*, 15 Ark. App. 226, 691 S.W.2d 879 (1985).

In concluding that Mr. Howard was not pursuing his employment duties at the time of his death, the Commission

found the fact that the fatal accident occurred about two miles south of Jonesboro at a location which was not on a direct route between the motel and the Black Oak construction site was of crucial significance. It noted further that Mr. Howard's trip to Newport the night before his death was a personal deviation from the reasonably expected duties of his employment, but that fact did not preclude appellants from receiving dependency and funeral benefits if other facts established that Mr. Howard's death arose in the course of his employment.

We conclude that there was substantial evidence to support the Commission's finding that Mr. Howard's death did not arise in the course of his employment. We cannot say that fair-minded persons would not have reached the same conclusion as did the Commission.

Appellants' second assignment of error is without merit inasmuch as the Commission's denial of benefits clearly was not based upon a conclusion that the going and coming rule barred appellants' claim for benefits. We find substantial evidence to support the Commission's decision.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.