Sullivan
No. 86-273

LILLIAN WHITTEMORE

v.

SULLIVAN COUNTY HOMEMAKER'S AID SERVICE
AND
HARTFORD INSURANCE COMPANY

June 8, 1987

*Witkus & Weidman*, of Newport (*Jonathan D. Weidman* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Douglas N. Steere* on the brief and orally), for the defendants.

BROCK, C.J.   The plaintiff, Lillian Whittemore, appeals from an order of the Superior Court (*DiClerico*, J., approving a recommendation of a Master, *R. Peter Shapiro*, Esq.) denying her workers' compensation benefits for an injury she alleges was causally related to her employment with the defendant Sullivan County Homemaker's Aid Service. The sole issue on appeal is whether the trial court erred in finding that the plaintiff's injury did not arise out of and in the course of her employment, RSA 281:2, V (Supp. 1986), and thus in denying the plaintiff's claim for workers' compensation benefits. We hold that the injury is compensable and therefore reverse.

At the time of her injury, Mrs. Whittemore was employed by the defendant Sullivan County Homemaker's Aid Service (Homemaker's Aid) in Claremont as a supervisor of field personnel. She was a salaried employee, working an average of three and one-half to four

days per week. Her duties, which were essentially related to the administrative functioning of Homemaker's Aid, included preparation and coordination of visitations, as well as actual visitation of clients to determine their needs.

The plaintiff maintained a fairly consistent office routine. All day Monday and Tuesday, and Wednesday morning, were spent at the Claremont office. Tuesday afternoon, if her office duties were completed, and all day Thursday were generally devoted to visiting clients in their homes. She did not work Wednesday afternoon or Friday. Homemaker's Aid did not supply the plaintiff with a car, but instead she used her own personal vehicle and was reimbursed for mileage expenses incurred in traveling to clients' homes, or in performing duties relative to her job. She was not reimbursed for mileage costs incurred in traveling between her home and the office.

On Tuesday, January 22, 1985, the plaintiff left the office at approximately 10:30 a.m. to visit a potential client and to perform an initial assessment as to his eligibility for service by Homemaker's Aid. After the plaintiff had spent approximately an hour with the potential client, the client asked her if she could pick up some medication and a personal item for him at a nearby drugstore. The plaintiff agreed to do this and informed the client that she would return with the items after lunch. After procuring the items at the drugstore, the plaintiff went to her parents' house for lunch. She parked her car in the driveway, and took the medicine into the house to prevent it from freezing. After lunch, as she was walking towards her car from the garage, the plaintiff slipped on some ice in the driveway, fell, and injured her knee. At the time of her injury, she was carrying the medicine, intending to bring it to the client's home.

In February 1985, Mrs. Whittemore filed a workers' compensation claim, which was subsequently denied by the defendant Hartford Insurance Company, the workers' compensation carrier for Homemaker's Aid. Following a hearing, the department of labor denied the plaintiff benefits because she was not within the scope of her employment when injured on January 22, 1985. The plaintiff then appealed to the superior court. After a trial before a master, the superior court approved the master's recommendation that the plaintiff be denied benefits because her "injury did not arise out of and in the course of her employment." This appeal followed.

■■ Accidental injury is compensable under the workers' compensation law if it "aris[es] out of and in the course of employment." RSA 281:2, V (Supp. 1986). This requirement imposes on the claimant an obligation to prove that the injury is related to the employment in terms of time, space, and subject matter. *Murphy v. Town of*

*Atkinson*, 128 N.H. 641, 645, 517 A.2d 1170, 1172 (1986). This requirement, however, is to be construed liberally in order to give the broadest reasonable effect to the remedial purpose of the workers' compensation law. *Id.*, 517 A.2d at 1172; *see also Maltais v. Assurance Society*, 93 N.H. 237, 240, 40 A.2d 837, 839 (1944).

██ In determining whether peripheral or ancillary activities are within the scope of employment, "a claimant must prove (1) that the injury arose out of employment by demonstrating that it resulted from a risk created by the employment; and (2) that the injury arose in the course of employment by demonstrating that (A) it occurred within the boundaries of time and space created by the terms of employment and (B) it occurred in the performance of an activity related to employment." *Murphy, supra* at 645, 517 A.2d at 1172–73 (citations omitted); *see* 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION §§ 6, 14 (1985). An activity related to employment may include personal activity if reasonably expected and not forbidden, or of mutual benefit to employer and employee. *Hanchett v. Brezner Tanning Co.*, 107 N.H. 236, 238–39, 221 A.2d 246, 247–48 (1966). In deciding questions such as this, each case must be determined upon the particular fact situation.

On appeal, the plaintiff requests that we reverse the master's ruling that the plaintiff was not entitled to workers' compensation benefits because her injury did not arise out of and in the course of employment. The plaintiff argues that she was injured near her car because the obligations and hazards of her employment required her to be at the place the accident occurred, and that her injury was sustained in the course of her employment. The defendants argue that the plaintiff was on her routine lunch hour at the time she sustained her injury and that therefore her fall did not result from a risk to which the employment subjected her. Similarly, the defendants argue that the injury was not the result of a condition or obligation of the plaintiff's employment because her journey was essentially being accomplished solely for her own benefit. Further, the defendants maintain that the plaintiff was not injured during an activity related to her employment. Lastly, they contend that the injury occurred during a deviation from her employment.

With respect to the first criterion, we must determine whether the knee injury suffered by the plaintiff can reasonably be said to have been within a *risk* created by her employment with Homemaker's Aid. *See Maheux v. Cove-Craft Co.*, 103 N.H. 71, 74, 164 A.2d 574, 576 (1960); 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 6 (1985). This criterion is primarily concerned with causal connection.

The defendants claim that because the plaintiff was on her lunch hour, on private property not under its control, at the time of the injury, there was no causal connection between the plaintiff's injury and a risk to which her employer subjected her. However, "[t]he question is not what the employee is about to do, or has just been doing, but whether or not at the time of injury he is within the 'zone of his employment.'" *Gallienne v. Company*, 88 N.H. 375, 380, 190 A. 274, 278 (1937). In the present case, travel is itself a substantial part of the service for which the plaintiff is employed. The plaintiff is required to supply her own car, and she is compensated for mileage. Where the employment requires travel, the employee is consequently exposed to hazards she would otherwise have the option of avoiding. Thus, the hazards of the route become the hazards of the employment. *See, e.g., Felton v. Hospital Guild of Thomasville*, 291 S.E.2d 158, 160 (N.C. Ct. App.), *aff'd*, 296 S.E.2d 297 (1982). As an employee who is required to travel in the wintertime, the plaintiff likely will encounter icy streets, walkways, and driveways. These are hazards of her employment.

■ At the time of her injury, the plaintiff had finished her lunch break and had begun to resume her business errand. She slipped on some ice while approaching her car, which was an instrument of her employment due to her extensive traveling and the requirement of Homemaker's Aid that she provide her own car. Furthermore, when she fell, she was carrying the medical supplies which she had intended to deliver to a potential client. The fact that she was not on the employer's property is irrelevant in the present case, because the requirements of her job dictated that she travel. Based on the unique facts of this case, we conclude that the trial court erred in ruling that at the time of plaintiff's injury she was not subject to a risk created by her employment. Thus, we determine that the plaintiff's injury arose out of her employment with Homemaker's Aid.

The second criterion requires that the injury occur within the boundaries of the employment's *time* and *space*. *See Heinz v. Concord Union School Dist.*, 117 N.H. 214, 218, 371 A.2d 1161, 1164 (1977). In cases such as this, where the job requires extensive travel, the time and space criteria cannot be applied in a conventional manner. *See, e.g., Murphy*, 128 N.H. at 646, 517 A.2d at 1173. It is important, however, that the employee was performing "some activity integrally related to the object of the employment relationship." *Id.*, 517 A.2d at 1173. The facts in the present case are substantially different from those in *Murphy*, where we ruled that "one could not reasonably say that the plaintiff's wholly voluntary attendance and participation in a pick-up ball game was integral to the service of firefighting." 128 N.H. at 647, 517 A.2d at 1173.

In the present case, Mrs. Whittemore had just finished her lunch break, an activity expected and permitted by her supervisor. At the time of her injury, she fully expected and intended to continue with a business errand she had commenced prior to the noon hour. Because her job frequently takes her outside the office, the time and space criteria applicable here are broad enough to include injuries occurring during activities legitimately related to business. *See, e.g., Heinz, supra* at 218–19, 371 A.2d at 1164.

With respect to the third criterion, we must determine whether the injury arose from an activity *related* to the employment. *See Hanchett,* 107 N.H. at 238–39, 221 A.2d at 247. In this case, lunch breaks and errands for potential clients are expected and permitted activities. There was testimony indicating that Mrs. Whittemore's supervisor knew she took her lunch breaks at her parents' house, and that the supervisor consented. Furthermore, contrary to what the defendants contend, her activity was not exclusively personal. She provided a benefit to her employer and the client by performing the requested errand. She provided a beneficial service, first by picking up the client's medical supplies, and second by taking the medicine inside the house to prevent it from freezing. Thus, we further determine that the plaintiff's injury arose in the course of her employment.

The defendants next argue that the plaintiff should not be compensated for her injury because the injury occurred during a deviation from employment. In essence, the defendants maintain that the plaintiff's lunch break was an identifiable deviation from her employment and that, although she was in the act of returning to her car in order to return to her business route, she had not yet resumed her employment because she had not regained the main business route. The defendants suggest that the plaintiff would have had to resume her journey on the main road in front of her parents' home to have "returned" to her business route. First, we are not convinced that a lunch break necessarily constitutes a deviation from employment.

As a general matter, we decline to accept the defendant's suggestion that the plaintiff would have had to have returned to the main road in front of her parents' house for her injuries to be compensable. To do so would, in many instances, make the place of the injury dispositive of the issue. Instead, we choose to rely on the more flexible approach of considering all of the important factors influencing the time, place, and circumstances of the injury. *See, e.g., Felton,* 291 S.E.2d at 159–60. In this particular case, the above

438

factors relating to the plaintiff's fall lead us to conclude that the trial court erred in ruling that the plaintiff's injury did not arise out of and in the course of her employment.

*Reversed.*

All concurred.