P.A.M. TRANSPORTATION and Intercontinental
Insurance Managers *v.* William K. MILLER

CA 87-405                                    750 S.W.2d 417

Court of Appeals of Arkansas
En Banc
Opinion delivered June 1, 1988
[Rehearing denied June 29, 1988.*]

---

* Corbin, C.J., would grant rehearing.

*Laser, Sharp & Mayes, P.A.*, by: *Ralph R. Wilson*, for appellants.

*Jay N. Tolley*, for appellee.

BETH GLADDEN COULSON, Judge. Appellants, P.A.M. Transportation and Intercontinental Insurance Managers, contend in this appeal from a decision of the Arkansas Workers' Compensation Commission that the finding that appellee, William K. Miller, was within the scope and course of his employment at the time he was injured is not supported by substantial evidence. Upon reviewing the record, we find substantial evidence to support the Commission's decision.

Appellee was employed by appellant P.A.M. Transportation as a long-haul driver when he was injured on March 28, 1985. On that date, he left Marshall, Illinois, at about 5:00 a.m., and arrived sometime after 5:00 p.m. in Bentonville, Arkansas, where he delivered his trailer with its cargo to Wal-Mart. He then drove the truck to Springdale, where he regularly stayed at the Springdale Motel, arriving between 8:30 and 9:00 p.m. The Springdale Motel had no space for his truck, so he registered at a neighboring motel, the Scottish Inn.

In was appellant employer's policy that upon completion of their runs, drivers should return their rigs to P.A.M. headquarters at Tontitown for servicing. According to appellee's testimony, before he registered at the motel he phoned his employer's office to see whether someone there would be able to drive him the six-mile distance from Tontitown to Springdale. When he found no one available, appellee checked into his room at the Scottish Inn and attempted to call a friend, John ("Tony") McCormick, in hopes that he would be able to give him a ride back to Springdale from the P.A.M. terminal. Unable to contact McCormick, appellee went to a truck stop, where he ate some Vienna sausages. Then he walked to a nearby tavern, the Ozark Inn, where he had two beers and succeeded in reaching McCormick, who agreed to meet him at Tontitown and return him to Springdale.

Appellee left the tavern at closing time—11:00 p.m. Another patron of the Ozark Inn (later determined by the police to have

been driving while intoxicated) struck appellee while he was crossing a street, walking toward his truck. The investigating officer testified that he noticed that appellee had alcohol on his breath, that his speech was slurred, and that his pupils were constricted, but added that he did not administer any sort of test for intoxication because appellee was severely injured.

Following a hearing, an administrative law judge denied appellee benefits on the basis that he was not within the scope and course of his employment at the time he was injured. The Commission reversed the decision and remanded the case to the administrative law judge for an award of benefits. In February, 1987, on appeal to this court, we dismissed the matter because the Commission's Order for Remand was not final and appealable. Subsequently, the Commission entered a final award of medical expenses, temporary total disability benefits, permanent partial disability benefits, and attorney's fees. From that order, this appeal arises.

As a long-haul driver, appellee falls into the category of traveling employee. Generally, injuries sustained in going to or coming from one's place of employment are not held compensable, as all members of the general public are exposed to the hazards of the highways. However, as Professor Larson notes in his treatise:

> Employees whose work entails travel away from the employer's premises are held in the majority of jurisdiction[s] to be within the course of their employment continuously during the trip, except when a distinct [departure] on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from the home are usually held compensable.

1A A. Larson, *The Law of Workmen's Compensation*, § 25.00 (1985). This "traveling employee" exception was adopted in Arkansas over thirty years ago in *Frank Lyon Company* v. *Oates*, 225 Ark. 682, 284 S.W.2d 637 (1955).

In *Arkansas Department of Health* v. *Huntley*, 12 Ark. App. 287, 675 S.W.2d 845 (1984), this court affirmed the Commission's determination that a woman on an overnight

business trip who had been assaulted while en route from a hotel bar to her room was injured in the course of her employment. We relied on the reasoning in *J & G Cabinets* v. *Hennington*, 269 Ark. 789, 600 S.W.2d 916 (Ark. App. 1980): "Activities of a personal nature, not forbidden but reasonably to be expected, may be a material incident of the employment and injuries suffered in the course of such activities are compensable. . . . The controlling issue is whether the activity is reasonably expectable so as to be an incident of the employment, and thus in essence a part of it." Regarding the status of the claimant in *Huntley, supra*, we observed that her use of the bar was a natural and probable consequence or incident of her stay in the hotel, and we concluded that at the time she was attacked in a passageway as she returned to her room "she had clearly regained her traveling employee status at this point."

■ The record in the present case reveals that at the time of his injury appellee had not completed his assigned duties for that day's long-distance haul. He was required to return the truck to the terminal. The uncontradicted testimony indicates that he made several efforts, both at his motel and later at the tavern, to contact a friend to provide transportation for him once he had delivered the vehicle. He was, therefore, still on duty when he was injured.

■■ Questions of credibility and the weight and sufficiency to be given evidence are matters for the Commission to determine. Administrative agencies such as the Workers' Compensation Commission are better equipped by specialization, insight, and experience to analyze and determine issues and to translate evidence into findings of fact. *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). Under our standard of limited review, decisions of the Commission must stand if supported by substantial evidence, and, in determining the sufficiency of the evidence to sustain the Commission's findings, the testimony must be weighed in the light most favorable to those findings. *Owens* v. *National Health Laboratories, Inc.*, 8 Ark. App. 92, 648 S.W.2d 829 (1983). Substantial evidence has been defined as more than a mere scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is evidence of such force and character that it would, with reasonable and material

certainty and precision, compel a conclusion one way or the other. *DeFranscisco* v. *Arkansas Kraft Corp.*, 5 Ark. App. 195, 636 S.W.2d 291 (1982).

■ Appellee's pause for refreshment, although perhaps reasonably expectable, was found by the Commission to have been a deviation from employment duties. As the Commission noted, citing *Huntley*, when the employee abandons the deviation and returns to the performance of his duties, he regains his status as a traveling employee. Appellee, at the time of his injury, was returning to his rig with the intention of driving it to appellant P.A.M. headquarters in Tontitown. Clearly there is substantial evidence that appellee, whatever his earlier deviation might have been, was at that moment acting within the course and scope of his employment.

Affirmed.

CORBIN, C.J., dissents.

DONALD L. CORBIN, Chief Judge, dissenting. The appellee was a "professional driver" with twenty-eight years experience driving eighteen-wheelers. The transportation industry is heavily regulated by the Federal Highway Industry, as well as state law. The driver and his trucking company are charged with the responsibility of knowing the regulations imposed by the federal and state regulatory bodies. Federal Motor Carrier Safety Regulations: Driving of Motor Vehicles, 49 C.F.R. § 392.5 (1987) provides, in pertinent part, as follows:

(a) No person shall—

(1) Consume an intoxicating beverage, regardless of its alcoholic content, or be under the influence of an intoxicating beverage, within 4 hours before going on duty or operating, or having physical control of, a motor vehicle; or

(2) Consume an intoxicating beverage regardless of its alcoholic content, or be under the influence of an intoxicating beverage, while on duty, or operating, or in physical control of, a motor vehicle; or

(3) Be on duty or operate a motor vehicle while the driver possesses an intoxicating beverage regardless of its

alcoholic content. However, this paragraph does not apply to possession of an intoxicating beverage which is manifested and transported as part of a shipment.

(b) No motor carrier shall require or permit a driver to—

(1) Violate any provision of paragraph (a) of this section; or

(2) Be on duty or operate a motor vehicle if, by the driver's general appearance or conduct or by other substantiating evidence, the driver appears to have consumed an intoxicating beverage within the preceding 4 hours.

The Commission viewed the appellee going to the tavern as a deviation from the course and scope of his employment. Our cases define "course of employment" as relating to the time, place and circumstances under which the injury occurred. *Owens* v. *Nat'l Health Laboratories, Inc.*, 8 Ark. App. 92, 648 S.W.2d 829 (1983). Professor Larson's formulation of the test for course of employment requires that the injury occur within the time and space boundaries of the employment, while the employee is carrying out the employer's purpose or advancing the employer's interests directly or indirectly. 1 A. Larson, *The Law of Workmen's Compensation* § 14.00 (1985); 1A A. Larson, *The Law of Workmen's Compensation* § 20.00 (1985).

His attempt to "abandon" his deviation by returning the truck after consuming "two beers" was not in furtherance of his employer's best interest (*See Johnson Auto Co.* v. *Kelley*, 228 Ark. 364, 307 S.W.2d 867 (1957)), but was, in fact, prohibited behavior. In *Arkansas Department of Health* v. *Huntley*, 12 Ark. App. 287, 675 S.W.2d 845 (1984) we noted that:

Activities of a personal nature, not forbidden but reasonably to be expected, may be a material incident of the employment and injuries suffered in the course of such activities are compensable. The fact that the injury is suffered during a lunch break, when the employee is not required to be on the premises, does not alter this principle. The controlling issue is whether the activity is reasonably expectable so as to be an incident of the employment, and thus in essence a part of it. [Citation omitted.]

*Id.* at 291, 675 S.W.2d at 848.

The distinction between the case at bar and the *Huntley* case is that in *Huntley*, the employee, while embarked on a deviation of a personal nature, was not engaged in prohibited behavior. Because of her traveling status, it would not be unreasonable for her to utilize all of the facilities of the hotel. Whereas, in the instant case, the employee, by drinking "two beers", was engaged in "prohibited behavior" even when he tried to resume his employment activities. I do not agree that it was in the employer's best interest for appellee to drive his employer's vehicle, exposing it to potential liability, by consuming intoxicating beverages in violation of the federal regulations.

I think where the Commission and the majority go astray is their recognition that the driver's consumption of "two beers" was perhaps "reasonably expected." I sympathize with the driver, but he deviated from his employment on an errand of a personal nature which was not in the best interests of his employer nor in furtherance of his employer's interest either indirectly or directly. It was such prohibited behavior that he could not have resumed his employment status for at least four hours from the time of the consumption of the "two beers." I would reverse and reinstate the Administrative Law Judge's opinion denying benefits.