STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 05-303


RUSSELL PAULETTE LEBOUEF ISTRE, ET AL.

VERSUS

DANIEL MECHE, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 73417
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


JOHN D. SAUNDERS
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Jimmie C. Peters, and Billy Howard Ezell, Judges.

Peters, J., dissents and assigns written reasons.

AFFIRMED AND REMANDED.


John Fayne Wilkes  III
Lisa Eve Mayer
 Borne, Wilkes, etc.
P. O. Box 4305
Lafayette, LA 70502-4305
(337) 232-1604
Counsel for Defendants/Appellees:
Russell Buchanan
City of Rayne

**Homer Edward Barousse  Jr.**
**Barousse & Craton**
**P.O. Dr. 1305**
**Crowley, LA 70527-1305**
**(337) 785-1000**
**Counsel for Defendants/Appellees:**
**Dy Kevin Trahan**
**Acadia Parish Sheriff's Office**

**Walter Kay Jamison  III**
**Daigle, Scofield, Rivera, Etc.**
**P. O. Box 3667**
**Lafayette, LA 70502-3667**
**(337) 234-7000**
**Counsel for Plaintiffs/Appellants:**
**Russell Paulette Lebouef Istre**
**LeRoy Istre**

**John Powers Wolff  III**
**Andrew Blanchfield**
**Keogh, Cox & Wilson**
**P. O. Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**Counsels for Defendant/Appellee:**
**General Star Indemnity Co.**

**Freeman Rudolph Matthews**
**Attorney at Law**
**200 Derbigny St.**
**Gretna, LA 70053**
**(504) 368-1020**
**Counsel for Defendants/Appellees:**
**Acadia Parish Sheriff's Office**
**Dy Kevin Trahan**

**SAUNDERS, Judge.**

Mrs. Russell Paulette Istre suffered serious injuries when her car was struck by a pickup truck driven by Daniel Meche. At the time of the accident, Mr. Meche was being pursued in a high-speed police chase. Plaintiffs, Russell Paulette Istre and Leroy Istre, contend that Defendant Officer Russell Buchanan's actions in pursuing Meche were unreasonable and that he is partially liable for the accident. The trial court, after examining all of the documentary evidence and testimony, determined that Officer Buchanan's actions were not unreasonable under the circumstances. Based upon this conclusion, the trial court found that there was no genuine issue of material fact and granted summary judgment in favor of Officer Buchanan and his employer, the City of Rayne. We affirm and remand the case for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

The accident giving rise to this litigation occurred on August 29, 1998, when a pickup truck operated by Daniel Meche ran a red light at the intersection of East Texas Avenue and South Polk Street in Rayne, Louisiana. Meche's truck violently struck Russell Paulette Istre's vehicle on the driver's side as she passed through the intersection. At the time of the accident, Daniel Meche was being pursued by law enforcement officials in a high-speed chase. Deputy Kevin Trahan of the Acadia Sheriff's Department initially gave chase when his radar indicated that Meche was traveling at a speed of sixty-three miles per hour in a forty-five mile per hour zone on a country road between Crowley and Rayne. Reaching speeds of eighty to 100 miles per hour, the chase continued from the countryside into the City of Rayne where it ended in the accident at issue. Deputy Trahan pursued Meche into the City of Rayne, where he called the city police dispatcher, and Officer Buchanan was dispatched to assist Deputy Trahan. Deputy Trahan was following about three to four car lengths

behind Meche; Officer Buchanan followed about one-half block behind Deputy Trahan. At two times during the chase, Officer Buchanan lost sight of both Meche's vehicle and Deputy Trahan's vehicle. When Officer Buchanan regained sight of Meche the second time, he attempted to block Meche's lane of travel, but Meche maneuvered around the roadblock. At the time of the accident, Deputy Trahan was three quarters of a block behind Meche and Officer Buchanan was four or more car lengths behind the deputy.

Due to the high rate of speed and the violent nature of the accident, Russell Paulette Istre suffered severe injuries. Following the accident, she remained in a coma for approximately one month and suffered significant brain damage in addition to physical injuries that were sustained when her vehicle was struck by Meche's pickup truck.

Russell Paulette Istre and Leroy Istre originally filed suit against Daniel Meche and his insurer, State Farm Mutual Automobile Insurance Company. Thereafter, Plaintiffs amended their petition to also name Deputy Kevin Trahan, Sheriff Ken Goss, Officer Russell Buchanan and the City of Rayne as defendants. Plaintiffs allege that the deputy and his employer, the Sheriff, as well as Officer Buchanan and his employer, the of Rayne, are liable to them for damages because the two law enforcement agents were in pursuit of Daniel Meche at the time of the accident. Plaintiffs claim that the officers breached the standard of care owed to automobile drivers and pedestrians on public streets.

On or about December 20, 2000, Officer Buchanan and the City of Rayne filed motions for summary judgment seeking a dismissal of Plaintiffs' claims against them. They argued that Officer Buchanan was not negligent and that he and the City of

Rayne were immune from liability pursuant to La.R.S. 9:2798.1(B). Plaintiffs opposed the motion. After a hearing, the trial court denied the motion on the grounds that genuine issues of material fact existed and, therefore, summary judgment was precluded.

On or about February 27, 2004, Officer Buchanan and the City of Rayne filed a second motion for summary judgment citing a recent Louisiana Fifth Circuit case, *Jones v. Congemi*, 01-134, 02-148, 02-1495 (La.App. 5 Cir. 5/13/03), 848 So.2d 41, *writ denied* 03-1647 (La. 10/10/03), 855 So.2d 354. Plaintiffs filed an opposition to the motion. The trial court granted summary judgment in favor of Defendants Officer Buchanan and the City of Rayne, finding that Officer Buchanan's actions were not unreasonable and that there was no genuine issue of material fact. Plaintiffs now appeal.

## ASSIGNMENT OF ERROR

The trial court erred in finding that Officer Buchanan acted in a reasonable manner, thereby granting the motion for summary judgment in favor of Officer Buchanan and the City of Rayne.

## STANDARD OF REVIEW

Appellate courts conduct a *de novo* review of rulings on motions for summary judgment. "It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *Alfred Palma, Inc., v. Crane Servs. Inc.,* 03-0614, p.3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774,

(quoting *Shelton v. Standard/700 Associates*, 01-587, p.5(La. 10/16/01), 798 So.2d 60, 64-65). La.Code Civ.P. art. 966(B).

**LAW AND ANALYSIS**

Plaintiffs-Appellants argue that the trial court erred when it found that Officer Buchanan's actions were not unreasonable and granted the motion for summary judgment in favor of him and the City of Rayne. A motion for summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). "A fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751; *Penalber v. Blount*, 550 So.2d 577(La.1989). "Facts are 'material' if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute." *Id* at 583.

Plaintiffs/Appellants argue that Officer Buchanan acted unreasonably under the circumstances and that his actions amounted to negligence. In Louisiana, a party's alleged negligence is evaluated under the duty-risk analysis. *Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/94), 646 So.2d 318. Under the duty-risk analysis, Plaintiffs must prove: (1) the conduct in question was the cause in fact of the resulting injury or harm, (2)Defendants owed a duty of care to Plaintiffs, (3) the requisite duty was breached by Defendant, and (4) the risk of the harm caused was within the scope of protection afforded by the duty breached. *Id.* In order for Plaintiffs to prevail and recover damages, they must answer each of the four inquiries in the affirmative. *Id.*

**DUTY**

Police officers have a duty to enforce the laws, prevent and detect crime and maintain peace and order in the community. *Zeagler v. Town of Jena*, 556 So.2d 978 (La.App. 3 Cir.), *writ denied*, 560 So.2d 14 (La.1990). Police officers have the authority to enforce the laws, but they also have a duty to act reasonably in the administration of this authority. The Louisiana Supreme Court has described the duty owed by an officer when approaching a subject prior to disarming him or effectuating an arrest as a duty of reasonableness under the totality of the circumstances. *Mathieu*, 646 So.2d 318; *Kyle v. City of New Orleans*, 353 So.2d 969 (La.1977). A police officer does not need to use the "best" method of approach; he only needs to use an approach that is reasonable under the circumstances. *Mathieu*, 646 So.2d 318.

Therefore, we must determine whether Officer Buchanan acted reasonably under the circumstances. We find that he did. Meche's refusal to pull over was a violation of state law and triggered Deputy Trahan's duty to pursue him. It is noteworthy that the pursuit by Deputy Trahan began in a rural community, not within the City of Rayne, and that the pursuit was, indeed, reasonable. It is also reasonable that Deputy Trahan would call the Rayne dispatcher when he approached and/or entered the city, particularly in view of the fact that his pursuit had, by then, escalated into a dangerous, high-speed chase. Plaintiffs/Appellants argue that it is unreasonable to pursue a suspect driving at such great speeds for a speeding violation and point particularly to the City of Rayne General Order 95-32 Paragraph IV, which is restrictive and allows pursuit only for crimes requiring full custody arrests. Plaintiffs argue that Officer Buchanan violated this policy by pursuing Meche for a simple traffic violation and negligently endangered others by doing so. This

argument may have some merit in regard to Deputy Trahan, but does not take into account the fact that Officer Buchanan had no knowledge of the reason for the original attempted stop. Plaintiffs nevertheless contend that Officer Buchanan breached the policy of the City of Rayne and that his actions were unreasonable. Because he had no knowledge of the events leading up to the chase, we do not find that the Rayne City Police Department policy applies to Officer Buchanan in this matter. Under these circumstances, we find that Officer Buchanan did not violate the Rayne Police Department policy and that his actions in response to the call for help were reasonable. *See Jones*, 848 So.2d 41.

Plaintiffs also contend that Officer Buchanan violated La.R.S. 32:24, which grants exceptions to traffic laws to drivers of authorized emergency vehicles. Louisiana Revised Statute 32:24 reads:

> A. The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, or when responding to, but not upon returning from, a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
>
> B. The driver of an authorized emergency vehicle may:
>
> (1) Park or stand, irrespective of the provisions of this Chapter;
>
> (2) Proceed past a red or stop signal sign, but only after slowing down or stopping as may be necessary for safe operation;
>
> (3) Exceed the maximum speed limits so long as he does not endanger life or property;
>
> (4) Disregard regulations governing the direction of movement or turning in specified directions.

C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible or visual signals sufficient to warn motorists of their approach, except that a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.

D. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.

The purpose of La.R.S. 32:24 is to afford traffic privileges to the drivers of emergency vehicles while providing protection to the citizens in the community.

Plaintiffs argue that Officer Buchanan's flashing lights were not sufficient to warn Mrs. Istre of the approaching danger and that because she was not sufficiently warned, she proceeded into the intersection, where Meche's vehicle collided with hers, causing her to sustain serious injuries. We find that Mrs. Istre was not prejudiced by Officer Buchanan's failure to turn on his siren because he was not operating the vehicle that collided with Mrs. Istre. The visual and audible signals described in La.R.S. 32:24 serve to warn motorists and pedestrians of the approaching emergency vehicle itself, not any other vehicle that may precede it, such as Meche's vehicle. This is clear from a reading of the language of the statute: "The driver of an authorized emergency vehicle . . . may exercise the privileges set forth in this Section . . . [e]xceed the maximum speed limits so long as *he* does not endanger life or property . . . . The exceptions . . . shall apply only when such vehicle is making use of audible or visual signals sufficient to warn motorists of *their* approach . . . . The foregoing provisions shall not relieve the driver of an authorized vehicle from the

duty to *drive with due regard* for the safety of all persons . . . ."(*emphasis added*). The pronouns used in the statute refer to the drivers of authorized emergency vehicles. Accordingly, under La.R.S. 32:24, Officer Buchanan had no duty to warn Mrs. Istre of Meche's approach and, therefore, neither he nor his employer, the City of Rayne, are liable to the Istres based upon his actions.

**ANCILLARY ISSUES**

The trial court has dismissed Officer Buchanan from the case, and we affirm that decision; however, based upon unresolved evidentiary issues, are not capable of dismissing the City of Rayne. Plaintiffs have introduced affidavits from two eyewitness into the record as evidence tending to suggest that there may have been a second Rayne police car involved in the chase, but they have not alleged in their petition, or any other pleadings, that the City of Rayne may be held liable as the employer of any other police officers that may have been involved in the pursuit.

In oral argument before this court, Plaintiffs argued that the affidavit of Richard John stated that Officer Buchanan was the lead vehicle in the pursuit, thus calling into question the actions of Officer Buchanan as previously determined. A reading of the affidavit suggests that Mr. John remembers a Rayne Police vehicle speeding around him with its lights on followed by an Acadia Parish Sheriff's vehicle. He then saw a Rayne police car parked in the middle of the road and stated, "I saw at least three law enforcement vehicles." All of the evidence in the record is to the effect that the Rayne police car blocking the road was Officer Buchanan's vehicle. Mr. John's affidavit suggests that there was another Rayne City police vehicle in pursuit of Meche, as well as Deputy Trahan. A second affidavit admitted

into evidence by Plaintiffs supports the same conclusion. Mr. Norman Salsman stated in an affidavit:

> There were two blue Rayne Police vehicles behind the red pickup truck. One of these vehicles continued to follow the red pickup truck as it sped down the next street to Doug Ashy's.
>
> The second police vehicle slammed on its brakes and did not turn right on the street next to Doug Ashy's. This was a Rayne City Police Vehicle...I also recall seeing an Acadia Parish Sheriff's deputy. However, I do not recall exactly the point at which I saw the deputy because I was upset and scared.

In both eyewitness accounts, there is an additional Rayne City police car involved in the chase. However, we do not know if there actually was another Rayne City police car involved in the chase, as no other evidence in the record refers to a second police car. If there was, we do not know who was driving, at what speed he was driving, how closely he was pursuing Meche, or whether his actions were reasonable. Accordingly, we will not dismiss the City of Rayne as to any possible liability it may have for the actions of an additional law enforcement agent involved in the pursuit, as the record before us is not adequate for such an adjudication. While we are remanding for further proceedings in accordance herewith, we are not ruling on the propriety of amending the pleadings at this stage of the proceedings or, indeed, of the necessity for amendment.

**CONCLUSION**

The judgment of the trial court is affirmed and the case is remanded to the trial court to allow Plaintiffs to make such case as they are able with reference to the liability of the City of Rayne for the actions of the unnamed police officer, if any,

referred to in the affidavits entered into evidence.  Costs of the appeal are assessed against Appellants.

**AFFIRMED AND REMANDED.**

NUMBER 05-303

COURT OF APPEAL, THIRD CIRCUIT
STATE OF LOUISIANA

RUSSELL PAULETTE LEBOUEF ISTRE, ET AL.

VERSUS

DANIEL MECHE, ET AL.

PETERS, J., dissenting.

I respectfully disagree with the majority in this matter and would reverse the trial court's grant of the summary judgment in favor of Officer Buchanan and the City of Rayne. I find that there are clearly genuine issues of material fact that must be determined by a trier of fact at a trial on the merits and that summary judgment is not appropriate at this stage of the proceedings.

The trial court initially rejected the defendants' motion for summary judgment based primarily on the issue of whether Officer Buchanan violated departmental policy in participating in the high-speed chase which resulted in the plaintiffs' injuries. The trial court then reversed its prior ruling after considering the holding in *Jones v. Congemi*, 01-1345, 02-148, 02-149, pp. 11-12 (La.App. 5 Cir. 5/13/03), 848 So.2d 41, 47, *writ denied*, 03-1647 (La. 10/10/03), 855 So.2d 354, to the effect that "when determining the scope of duty owed by law enforcement officers and whether such duty was breached, the legal question is whether or not a police officer's actions were reasonable, not whether he complied with departmental policies."

I agree that the court in *Jones* correctly stated the legal question to be considered. However, "the duty is one of reasonableness under the totality of the circumstances." *Courville v. City of Lake Charles*, 98-73, p. 14 (La.App. 3 Cir. 10/28/98), 720 So.2d 789, 797. Whether a given action is reasonable under the

circumstances is a factual determination which should not be made in the context of a summary judgment proceeding. In my opinion, that is exactly what the trial court and the majority have done in this case—made factual determinations in the context of a summary judgment proceeding.

I do not find that the *Jones* decision stands for the proposition that a violation of departmental policy should not be considered in determining the reasonableness of the police action at issue. Unlike the cross-country, high-speed chase in the matter now before us, the accident at issue in *Jones* occurred almost immediately after the pursuit began in earnest. I believe the trial court was correct in its first ruling on the motion for summary judgment, and I would reverse the matter and remand the case for further proceedings.