931 So.2d 361 (2006)
Russell Paulette Lebouef ISTRE, et al.
v.
Daniel MECHE, et al.
No. 2005-C-2508.
Supreme Court of Louisiana.
June 16, 2006.
CALOGERO, C.J., and KNOLL, J., would grant the writ application.
JOHNSON, J., would grant the writ application and assigns reasons.
JOHNSON, J., would grant Plaintiffs' writ application.
In my mind, the appellate court erred in affirming the trial court's decision to grant Defendants' motion for summary judgment. For the reasons that follow, I would reverse the grant of summary judgment and remand the case for trial on the merits.
On August 29, 1998, Daniel Meche ("Meche") was driving his pick-up truck at a high rate of speed along "Standard Mill Road," which is located outside of the city limits of Rayne, Louisiana. Acadia Parish Sheriff's Deputy Kevin Trahan spotted Meche's speeding vehicle (which was traveling sixty-three (63) miles per hour in a forty-five (45) mile per hour zone), and the deputy attempted to stop the pick-up truck. When Meche failed to stop his vehicle, Deputy Trahan began to pursue the vehicle. This pursuit continued into the city limits of Rayne, at which point Officer Buchanan of the Rayne Police Department became involved and assisted Deputy Trahan in the pursuit of Meche's vehicle. Deputy Trahan was in direct pursuit of the Meche vehicle, while Officer Buchanan followed behind Deputy Trahan's vehicle. The three vehicles sped through Rayne's streets reaching speeds of eighty (80) to one hundred (100) miles per hour, as the officers' attempts to stop the vehicle proved futile. This "police chase" ended when Meche ran a red light *362 and struck the driver's side of a vehicle that was proceeding through the intersection. The vehicle that Meche struck was driven by Mrs. Russell Paulette Istre, and Mrs. Istre suffered serious and permanent injuries as a result of this accident.
Mrs. Istre and her husband Leroy Istre ("Plaintiffs") filed this lawsuit against Meche and his liability insurer State Farm Mutual Automobile Insurance Company. Plaintiffs later amended their petition to include Deputy Kevin Trahan, Acadia Parish Sheriff Kenneth Goss, Officer Russell Buchanan, and the City of Rayne ("City") as defendants. The City and Officer Buchanan ("Defendants") filed a motion for summary judgment, suggesting that they were immune from liability pursuant to the provisions of LA.REV.STAT. § 9:2798.1(B).[1] Further, Officer Buchanan asserted that he was not negligent in his actions (i.e., pursuing Meche's vehicle). A hearing was conducted regarding Defendants' motion for summary judgment, and the trial court concluded that genuine issues of material fact remained. Thus, Defendants' motion (originally filed on December 20, 2000) was denied.[2]
Approximately three (3) years after their first motion for summary judgment was denied, Officer Buchanan and the City filed a second motion for summary judgment. Their second motion relied upon the Fifth Circuit Court of Appeal's then-recent decision in Jones v. Congemi, 01-1345 (La.App. 5 Cir. 5/13/03); 848 So.2d 41. The trial court granted Defendants' motion for summary judgment and dismissed Defendants from the instant action, with prejudice. The trial court concluded that Officer Buchanan's actions were not unreasonable, and further, the trial court found that there were no genuine issues of material fact.[3]
In reaching its decision to grant Defendants' second motion for summary judgment, the trial court relied upon the Jones decision. In that case, three Kenner Police Officers were involved in the "vehicular pursuit" of Terrence King ("King"). This police pursuit ended when King ran a red light and struck a vehicle proceeding through the intersection killing several occupants of the vehicle. A lawsuit was brought against the officers who were pursuing King in their respective police units. The Fifth Circuit determined that the officers' actions were reasonable given the *363 facts of the case. Thus, the officers' motion for summary judgment was granted, and they were dismissed from the lawsuit.[4] As the Fifth Circuit stated:
Officer Archuleta stated that the majority of the time that he followed Mr. King, they were both traveling within the speed limit. It was not until shortly before the accident that Mr. King picked up speed. The department policy permits following a vehicle at a safe speed. Furthermore, although Mr. King did not pull over in the required "stop zone," the department manual allows the officer to begin "trailing" the vehicle in such a situation. The parties disagree as to whether the officers "trailed" Mr. King or "chased" him at a high rate of speed. However, we find that this issue is not a genuine issue of material fact which precludes summary judgment.
Even if the officers had deviated from the policies of the Kenner Police Department, we find that the undisputed material facts establish that the officers' actions were reasonable. Policies and regulations should indeed be followed and corrective action may be taken by the police department when an officer fails to comply with the department's regulations. However, when determining the scope of duty owed by law enforcement officers and whether such duty was breached, the legal question is whether or not a police officer's actions were reasonable, not whether he complied with departmental policies.

Considering the circumstances of the case before us, we find that the undisputed facts establish that the officers' action in following Mr. King were reasonable.[5]
The appellate court conducted a duty/ risk analysis regarding the reasonableness of Officer Buchanan's actions and concluded:
The trial court has dismissed Officer Buchanan from the case, and we affirm that decision; however, based upon unresolved evidentiary issues, [we] are not capable of dismissing the City of Rayne. Plaintiffs have introduced affidavits from two eyewitness [sic] into the record as evidence tending to suggest that there may have been a second Rayne police car involved in the chase, but they have not alleged in their petition, or any other pleadings, that the City of Rayne may be held liable as the employer of any other police officers that may have been involved in the pursuit.[6]
Thus, the appellate court remanded this case "to the trial court to allow Plaintiffs to make such case as they are able with reference to the liability of the City of Rayne for the actions of the unnamed police officer, if any, referred to in the affidavits entered into evidence."[7]
*364 Judge Peters dissented from the appellate panel's decision, as Judge Peters concluded:
I agree that the court in Jones correctly stated the legal question to be considered. However, "the duty is one of reasonableness under the totality of the circumstances." Courville v. City of Lake Charles, 98-73, p. 14 (La.App. 3 Cir. 10/28/98), 720 So.2d 789, 797. Whether a given action is reasonable under the circumstances is a factual determination which should not be made in the context of a summary judgment proceeding. In my opinion, that is exactly what the trial court and the majority have done in this casemade factual determinations in the context of a summary judgment proceeding.
I do not find that the Jones decision stands for the proposition that a violation of departmental policy should not be considered in determining the reasonableness of the police action at issue. Unlike the cross-country, high-speed chase in the matter now before us, the accident at issue in Jones occurred almost immediately after the pursuit began in earnest. I believe the trial court was correct in its first ruling on the motion for summary judgment....[8]
The procedural guidelines for summary judgment are set forth in LA. CODE CIV. PROC. art. 966[9] and LA. CODE CIV. PROC. art. 967.[10] As we noted in Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991):
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. The party who defended against the motion for summary judgment must have his properly filed allegations taken as true and must receive *365 the benefit of the doubt when his assertions conflict with those of the movant.[11]
Further, in Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94); 639 So.2d 730, we explained:
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991), writs denied, 596 So.2d 211 (La.1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Sassone v. Elder, 626 So.2d 345, 352 (La.1993); Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152, 1153-54 (La.1983) (collecting cases); McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d 308, 310 (La.App. 2d Cir.), writ denied, 457 So.2d 1194 (La. 1984) (noting that "[s]ummary judgment may not be used as a substitute for trial").[12]
It appears from the instant record that the questions surrounding Officer Buchanan's actions, and the propriety of said actions, are the type of questions that present a genuine issue of material fact. The reasonableness of Officer Buchanan's actions must be evaluated in the context of the "totality of the circumstances,"[13] and as such, summary judgment is inappropriate. As Judge Peters aptly noted, the facts of the Jones case are much different from the facts of the instant matter. The case at hand involves a high speed chase with an individual disobeying traffic signals and driving erratically. Furthermore, this chase continued from a rural area into the city limits of Rayne. The "reasonableness" of Officer Buchanan's actions cannot be compared to the reasonableness of the officers' actions in the Jones case. As such, I believe the appellate court erred in its reliance upon the Jones case in affirming summary judgment.
For the foregoing reasons, I am of the opinion that summary judgment was inappropriate in this case. Accordingly, I would reverse the rulings of the lower courts and remand this case to the trial court for further proceedings.
NOTES
[1] LA. REV. STAT. § 9:2798.1(B) provides:

Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
[2] Judge Peters, in his dissenting opinion, noted:

The trial court initially rejected the defendants' motion for summary judgment based primarily on the issue of whether Officer Buchanan violated departmental policy in participating in the high-speed chase which resulted in the plaintiffs' injuries.
Istre v. Meche, 05-303 (La.App. 3 Cir. 11/2/05); 916 So.2d 307, 313.
[3] In his dissent, Judge Peters observed:

The trial court then reversed its prior ruling after considering the holding in Jones v. Congemi, 01-1345, 02-148, 02-149, pp. 11-12 (La.App. 5 Cir. 5/13/03), 848 So.2d 41, 47, writ denied, 03-1647 (La.10/10/03), 855 So.2d 354, to the effect that "when determining the scope of duty owed by law enforcement officers and whether such duty was breached, the legal question is whether or not a police officer's actions were reasonable, not whether he complied with departmental policies."
Istre v. Meche, 05-303 (La.App. 3 Cir. 11/2/05); 916 So.2d 307, 313.
[4] The facts/circumstances of the Jones "police chase" are much different from the facts of the instant matter. In Jones, the police pursuit was conducted at speeds in accordance with the posted speed limits, and further, Terrence King was obeying the traffic signals. As the Fifth Circuit noted:

The officers had no way of knowing that Mr. King would suddenly change from low speed to high speed, and it would have been unreasonable for the officers to stop following him at that point. Jones v. Congemi, 01-1345 (La.App. 5 Cir. 5/13/03); 848 So.2d 41, 45.
[5] Jones v. Congemi, 01-1345 (La.App. 5 Cir. 5/13/03); 848 So.2d 41, 47 (emphasis added).
[6] Istre v. Meche, 05-303 (La.App. 3 Cir. 11/2/05); 916 So.2d 307, 312 (alteration in the original).
[7] Id. at 313.
[8] Istre v. Meche, 05-303 (La.App. 3 Cir. 11/2/05); 916 So.2d 307, 313.
[9] LA. CODE CIV. PROC. art. 966(C) provides:

(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
[10] LA. CODE CIV. PROC. art. 967(B) provides:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
[11] Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La. 1991) (citations omitted).
[12] Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94); 639 So.2d 730, 751.
[13] Istre v. Meche, 05-303 (La.App. 3 Cir. 11/2/05); 916 So.2d 307, 313.