**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**06-0257**

**SHANNON SUAREZ**

**VERSUS**

**LP GAMING COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 1998-5595,
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Jimmie C. Peters, Glenn B. Gremillion, and Billy H. Ezell, Judges.

**REVERSED AND REMANDED.**

**Cooks, J., dissents.**

**Henry E. Yoes, III**
**Yoes Law Firm**
**Post Office Box 1300**
**Lake Charles, LA 70602**
**(337) 479-1130**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **Shannon Suarez**

**Thomas J. Solari**
**Lance B. Vinson**
**Woodley, Williams Law Firm L.L.C.**
**500 Kirby Street**
**Lake Charles, LA 70601**
**(337) 433-6328**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**

**Lance Palermo and Lafayette Insurance Company**

PETERS, J.

The plaintiff, Shannon Suarez, brought this action against Lance Palermo and others to recover damages for the personal injuries he sustained in a November 2, 1997 accident.

## DISCUSSION OF THE RECORD

Certain facts are not in dispute in this litigation. On November 2, 1997, Shannon Suarez and Lance Palermo were employees of Jackpot Novelty, Inc. (Jackpot Novelty). At that time, Jackpot Novelty provided video machines to local businesses, and Suarez and Palermo served as service technicians for those machines. Joseph R. Palermo, Jr., the father of Lance Palermo, owned Jackpot Novelty and operated the business from its location at 3506 Ryan Street, Lake Charles, Louisiana.

The Ryan Street address also served as the physical location of two other businesses, LP Gaming, Inc. (LP Gaming) and Half Moon Enterprises, Inc., d/b/a AAA Cigarettes (Half Moon). The Ryan Street location contained sufficient space to function as a warehouse for all of the businesses operating therefrom. While the status of LP Gaming as of the time of the accident is not clear,[1] the record establishes that Half Moon was a corporation owned by Lance Palermo and Glenn Pittman and was in the business of providing cigarette vending machines to businesses.

On November 2, 1997, Pittman picked up a cigarette vending machine belonging to Half Moon from one of its customer locations and transported it to the Ryan Street facility for the purpose of storing the machine in the warehouse space. He did so in a pickup truck owned by Jackpot Novelty, and with that company's permission.

---

[1]In the original answer, Palermo and LP Gaming suggested that LP Gaming had not come into existence at the time of the accident at issue in this litigation. However, to the extent that it has ever existed, it is solely owned by Palermo and has remained a party defendant. In any event, its existence or nonexistence is not of consequence in determining the issues now before this court.

Approximately five minutes before the workday for Jackpot Novelty ended, Lance Palermo asked Suarez to assist him in removing the vending machine from the truck and moving it into the warehouse. The two had removed the machine from the truck and were in the process of moving it into the warehouse on a dolly owned by Jackpot Novelty when the machine slipped off the dolly onto Suarez's foot. The injuries sustained by Suarez in this incident constitute the basis of this suit.

Suarez named Lance Palermo, LP Gaming, and Half Moon as defendants in his suit. He asserted that his injuries were caused by Palermo's negligence, that Palermo was in the course and scope of his employment with either or both of the two companies at the time of the accident, and that the two companies were liable for Palermo's negligence. Palermo and LP Gaming joined Lafayette Insurance Company (Lafayette Insurance) to the litigation as a third-party defendant. Lafayette Insurance then joined those same two parties in a motion for summary judgment wherein they sought a summary judgment dismissing Saurez's suit on the basis that he and Palermo were co-employees of Jackpot Novelty when the accident happened and that therefore Saurez's exclusive remedy was in workers' compensation. Suarez responded by filing a motion for partial summary judgment seeking to have the trial court recognize that, at the time of the accident, Palermo was conducting his own business operations outside the course and scope of his employment with Jackpot Novelty. After a hearing on the motions, the trial court rendered judgment rejecting the defendants' summary judgment motion and granting Suarez's motion for partial summary judgment, specifically finding that Palermo was not in the course and scope of his employment with Jackpot Novelty at the time of the accident at issue. After the trial court certified that partial summary judgment as final and appealable in accordance

2

with La.Code Civ.P. art. 1915, Lance Palermo and Lafayette Insurance perfected this appeal. In their appeal, Palermo and Lafayette Insurance argue only that the trial court erred in concluding that Palermo was not in the course and scope of his employment with Jackpot Novelty at the time of the accident.

**OPINION**

"Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Champagne v. Ward*, 03-3211, p. 4 (La. 1/19/05), 893 So.2d 773, 776. Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). A "genuine issue" is a "triable issue," or an issue in which reasonable persons could disagree. *Jones v. Estate of Santiago*, 03-1424, p. 6 (La. 4/14/04), 870 So.2d 1002, 1006 (quoting *Smith v. Our Lady of the Lake Hosp, Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751). A fact is material if it potentially insures or precludes recovery or determines the outcome of a legal dispute. *Istre v. Meche*, 05-303 (La.App. 3 Cir. 11/2/05), 916 So.2d 307. "Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is 'material' for summary judgment purposes can be seen only in light of the substantive law applicable to the case." *Richard v. Hall*, 03-1488, p. 5 (La. 4/23/04), 874 So.2d 131, 137.

3

Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must nevertheless be construed in favor of the party opposing the motion for summary judgment. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049. In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to determine the truth of the matter; rather, the court's role is to determine whether there is a genuine issue of triable fact. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. All doubts should be resolved in favor of the non-moving party. *Id.*

The only issue before us is whether the trial court erred in concluding that Palermo was outside the course and scope of his employment with Jackpot Novelty at the time of the accident.[2] If he was not in the course and scope of his employment with Jackpot Novelty, the co-employee immunity provided for in La.R.S. 23:1032 is not available.

In rendering its judgment, the trial court considered the ownership of the cigarette machine and the benefit resulting from moving it to be the essential factors in determining whether Palermo was acting in the course and scope of his employment. In its reasons for judgment, the trial court stated the following:

> In this case, at the time the accident occurred, the Plaintiff and Defendant Palermo were involved in moving a cigarette machine owned by a different company (Halfmoon [sic] Enterprises), than the company (Jackpot Novelty) that employed them both as video poker machine technicians. The defendant could not be acting in the "course and scope of employment". The cigarette machine business, HalfMoon [sic] Enterprises, is a separate business entity with a different business purpose with no relation or interest to Jackpot Novelty. The employer, Jackpot Novelty, was not benefiting in any way from the actions of

---

[2]The defendants additionally specified as an assignment of error that the trial court improperly made credibility determinations. However, that specification of error is subsumed into the broader issue of whether the trial court erred in finding no genuine issues of material fact in dispute regarding whether Palermo was outside of the course and scope of his employment at the time of the accident.

Lance Palermo at the time of the accident, who was forwarding his own interests and the interest of Halfmoon Enterprises by moving the cigarette machine. The work being performed by Lance Palermo at the time of the accident was not the [sic] in the nature of work in which Jackpot Novelty was engaged and Jackpot Novelty was not deriving any benefit from Mr. Palermo's actions.

Thus, the trial court found that Palermo was pursuing his own business for his own benefit and that his employer, Jackpot Novelty, derived no benefit from the injury-causing activity.

The applicable substantive law that determines materiality of the evidence in this case is the meaning of "course and scope of employment." The "course and scope" requirements for employers seeking to avail themselves of tort immunity under La.R.S. 23:1032 are largely the same as the requirements for employees seeking workers' compensation benefits under La.R.S. 23:1031. *Lyons v. Bechtel Corp.* 00-364 (La.App. 3 Cir. 12/27/00), 788 So.2d 34, *writ denied*, 01-282 (La. 3/23/01), 787 So.2d 996; *Pappas v. Marine Spill Response Corp. (MSRC)*, 94-879 (La.App. 3 Cir. 2/15/95), 650 So.2d 441, *writ denied*, 95-706 (La. 5/5/95), 654 So.2d 326. The course of employment refers to time and place, whereas the scope of employment test examines the employment-related risk of injury. *Hill v. W. Am. Ins. Co.*, 93-915, 93-932 (La.App. 3 Cir. 3/2/94), 635 So.2d 1165, *writ denied*, 94-1630 (La. 9/30/94), 642 So.2d 881. The relation between "course and scope" was explained in *Benoit v. Capital Manufacturing Co.*, 617 So.2d 477, 479 (La.1993) (quoting *Lisonbee v. Chicago Mill & Lumber Co.*, 278 So.2d 5, 7 (La.1973)), as follows: "A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa."

5

Under the facts in the present matter, the "course" requirement is strong. The accident happened on Jackpot Novelty premises during normal working hours and thus during the course of employment of both Suarez and Palermo. The material fact which we find remains in dispute is whether performing services relative to cigarette machines was among the regular duties of Jackpot Novelty employees, and the record contains evidence to the effect that it was.

Joseph R. Palermo, Jr., stated in his affidavit that Jackpot Novelty technicians were "expected . . . to service and transport cigarette machines owned by Half Moon Enterprises, Inc. during the course of their employment." Gordon Ludvich, another technician employed by Jackpot Novelty at the time of the accident, stated in his deposition that he was instructed by his supervisor on how to clear jammed coins from cigarette machines and that he and other Jackpot Novelty technicians loaded, unloaded, and transported these machines during normal working hours as well. Joseph Regan, another technician employed by Jackpot Novelty, stated in his deposition that, during normal working hours with Jackpot Novelty, he would clear jammed cigarette machines on the average of two times per month, and he recalled assisting in moving the machines on one or two occasions.

The mere fact that the work being done involves the employee's property does not remove the work from the course and scope of employment. In *Colston v. Great American Insurance Co.*, 173 So.2d 848 (La.App. 3 Cir.), *writ refused*, 247 La. 1026, 175 So.2d 644 (1965), a television repairman was allowed by his employer during regular working hours to repair his own television antenna at his home, which was off of the employment premises. When he was injured there, the court determined that he was within the scope and course of his employment. In *Edwards v. Superior*

6

*Coach Sales, Inc.*, (La.App. 1 Cir.), 417 So.2d 1289, *writ denied*, 422 So.2d 423 (La.1982), an employee was injured in a welding accident while using his employer's welding equipment on a personal project after work hours. It was held that the accident arose out of and in the course of his employment.

In light of the conflicting affidavit and deposition evidence and the factual questions arising therefrom, we cannot say as a matter of law that Palermo was not in the course and scope of his employment with Jackpot Novelty at the time of the accident.

## DISPOSITION

For the foregoing reasons, we reverse the partial summary judgment granted in favor of Shannon Suarez and remand this matter to the trial court for further proceedings. We assess all costs of this appeal to Shannon Saurez.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.